IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARLON MANSON                                                                              PLAINTIFF

v.                      Civil No. 5:19-cv-05171

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas; DEPUTY
ROLES; and DEPUTY OTTS                                    DEFENDANTS

**OPINION AND ORDER**

Marlon Manson ("Manson"), currently an inmate of the Benton County Detention Center ("BCDC"), has filed a civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP").

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A. The Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915(A).

## I.     BACKGROUND

According to the allegations of the Complaint (ECF No. 3), on the morning of March 5, 2019, Deputy Otts was picking up bedding. Manson alleges he showed Deputy Otts the blood and urine all over his jumper and asked if Deputy Otts could "get medical for" him. Manson alleges that Deputy Otts said he would but did not. That same morning, Manson showed Deputy Roles that he had started urinating blood and asked Deputy Roles to notify medical immediately. Manson alleges that despite his request, he spent from 5:00 a.m. until lunch time in a urine and blood-stained jumper.

## II. LEGAL STANDARD

Under the IFP statute, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)(quotations and citation omitted). To state a claim, Manson must demonstrate (1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs. *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009).

To show he suffered from an objectively serious medical need, Manson must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even

a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs.,* 512 F.3d 488, 499 (8th Cir. 2008) (quotations and citations omitted). This is an "onerous standard," *Thompson v. King,* 730 F.3d 742, 747 (8th Cir. 2013), requiring a prisoner to "clear a substantial evidentiary threshold." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010). To establish the subjective prong, a plaintiff must show that an official "actually knew of but deliberately disregarded his serious medical need." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

Deliberate indifference may be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009).

Manson does not allege that his medical situation involved an acute or escalating situation such that a delay of at most a half of a day would be detrimental to his medical prognosis. *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted). Manson does not allege he needed emergency medical care or that his injuries were so severe it was obvious he needed to be seen immediately. Instead, he only alleges that these two deputies denied him medical care on

the morning of March 5th, causing him to spend the morning in a blood and urine-soaked jumpsuit.

With respect to Sheriff Holloway, Manson does not even mention him in the complaint other than in the caption of the case. Sheriff Holloway was not involved in anyway in the alleged denial of medical care on the morning of March 5th. Moreover, Manson has made no allegations about the existence of a custom or policy that was the moving force behind the alleged constitutional violation.[1]

No plausible claim has been stated.

### IV. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous and/or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. The **Clerk** is directed to enter a § 1915(g) strike flag on this case.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

IT IS SO ORDERED on this 26th day of September 2019.

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] In fact, Manson indicates he has sued the deputies in their personal capacities only.